IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOMECOMINGS FINANCIAL, LLC, | ) | CASE NO.: 1:09 CV 2032 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| MICHAEL F. NEGREA., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendants Michael F. Negrea and Pamella L. Negrea's ("the Negreas") Motion to Dismiss Foreclosure Complaint. (ECF # 14). Plaintiff has filed a Brief in Opposition to the motion to dismiss (ECF #19) and Defendants filed a Reply Brief in Further Support of their motion. (ECF # 20). After careful consideration of the briefs and a review of all relevant authority, Defendants' motion to dismiss is DENIED.

**STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of*

*Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **FACTS AND ANALYSIS**[1]

The Complaint alleges that the Defendants are in arrears on their mortgage in the amount of $104,500.26 for missed payments from April 2005 to August of 2009, escrow advance for property taxes and forced place insurance, and late charges. The Complaint acknowledges a prior Lake County Court of Common Pleas case that complained the Negreas had been in default for payments missed prior to July 2004; and acknowledges that the ruling in that case was in favor of the Negreas, finding no default of their payment obligations through December 2004.

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

The common pleas court entered summary judgment in the Negrea's favor on the prior foreclosure on February 6, 2006 and entered a jury verdict in favor of the Negrea's on their counterclaim on February 28, 2006. The Complaint asserts causes of action for breach of contract, promissory estoppel, unjust enrichment, and foreclosure, asserting that the Negreas failed to make any payments on the mortgage during the pendency of the prior litigation, after the verdict and pending the resolution of the appeal, and for several months after the appeal had been affirmed, the judgments had been satisfied, and the liens had been released.[2]

Defendants claim, among other things, that the Plaintiff's Complaint is barred by res judicata. They claim that the missed payments triggering the foreclosure action in this case were, or could have been raised as issues in the prior foreclosure case. There is no factual or legal support for this position. The defaults alleged in the current Complaint are different than the defaults alleged in the prior action. The prior action complained of missed payments between July and December of 2004. The common pleas court found that no such default occurred. The current Complaint alleges missed payments between January of 2005 and April of 2009, none of which appear to have been addressed by the prior proceedings, and many of which came due long after the prior case was resolved by a summary judgment ruling. Further, several months of alleged arrearage are assigned to months that Defendants admit were after the entire prior case had been resolved, appealed, and judgment had been completely satisfied. The Complaint, therefore, is based on alleged defaults that are separate and distinct from the defaults addresses in

---

[2] Defendants state in their Reply Memorandum in Support of Motion to Dismiss that the final check in payment of the judgment on the prior foreclosure case was delivered on or about January 16, 2009; they have been satisfied of record on February 27, 2009; and the liens have been released. The Complaint asserts that the Negreas did not start making payments on the mortgage again until after April of 2009.

any prior action, and they, therefore, do not appear to be barred by res judicata.

The allegations in the Complaint are sufficient to create a question as to whether a default occurred, and if so, when those defaults occurred.  Further, Plaintiffs have sufficiently plead the elements of promissory estoppel, and unjust enrichment.  The Complaint clearly puts Defendants on notice sufficient to allow them to defend against these claims, and these claims may properly be pled as alternatives to a breach of contract claim.

If through the course of discovery, Plaintiffs are not able to provide specific facts that would satisfy each element of the alleged claims, or if Defendants are able to prove indisputable facts that would show the allegedly missed payments were not actually owed, a motion for summary judgment may be considered.  However, at this stage of the proceedings, Plaintiffs have alleged sufficient facts to withstand a motion to dismiss; the majority of Defendants arguments (including those directed as the issues of waiver and unclean hands) raise defenses reliant on the legitimacy of the facts alleged, but do not diminish the legal sufficiency of the claims.

## **CONCLUSION**

For the reasons set forth above, the Defendants' Motion to Dismiss(ECF #14) is hereby DENIED.  IT IS SO ORDERED.

 /s/Donald C. Nugent
Judge Donald C. Nugent
United States District Judge

Date:   January 6, 2010